IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO STEWART,

    Plaintiff,

  v.

SHERIFF WARREN E. RUPF, et al.,

    Defendants.
                                 /

No. C 10-02376 CW (PR)

ORDER OF DISMISSAL

Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983, alleging constitutional violations that occurred while he was housed at the Martinez Detention Facility. He has been granted leave to proceed in forma pauperis. Plaintiff has not exhausted California's prison administrative process, however.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006). The purposes of the exhaustion requirement include allowing the prison or jail to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. Cal. Code Regs. tit. 15, § 1073.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, Plaintiff concedes he has not exhausted his administrative remedies. He alleges that he "submitted three complaints against staff misconduct" after the alleged incident involving the violation of his constitutional

2

1  rights on March 2, 2010; however, he claims he has not yet received
2  a response. (Compl. at 2.)  Instead of waiting for a response to
3  his grievances, Plaintiff filed the present civil rights action on
4  May 5, 2010.  Plaintiff has not presented any extraordinary
5  circumstances which might permit him to be excused from complying
6  with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6
7  (courts should not read "futility or other exceptions" into
8  § 1997e(a)).

    Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney, 311 F.3d at 1199-1201.

    The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

    IT IS SO ORDERED.

Dated: 10/12/2010

                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LORENZO STEWART,

        Plaintiff,

  v.

WARREN E. RUPF et al,

        Defendant.

Case Number: CV10-02376 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo Stewart CC09BL509
Contra Costa County Jail Martinez
901 Court Street
Martinez, CA 94553

Dated: October 12, 2010

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk